UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HomeTown Bank,

    Plaintiff,

vs.

United States Department of Treasury –
Internal Revenue Service,
Nathan Staples Estate, Nathan Staples,
and Imperial Consulting,

    Defendants.

---

## COMPLAINT FOR INTERPLEADER
---

HomeTown Bank, (the "Bank") for its Complaint for Interpleader against Defendants United States Department of Treasury - Internal Revenue Service ("IRS"), Nathan Staples Estate ("Estate"), Nathan Staples ("Staples"), and Imperial Consulting ADM ("Imperial"), (collectively "Interpleader Defendants") states and alleges as follows:

### PARTIES

1. HomeTown Bank is a bank duly operating under the law of Minnesota, with an address of 641 Marketplace Drive, Waconia, Minnesota, 55387.

2. The United States Department of Treasury - Internal Revenue Service is an agency of the United States of America.

3. Nathan Staples is an individual with a last known physical address of 117 Ash Avenue N, Unit 102, Mayer, Minnesota, 55360 and mailing address of P.O. Box 102, Mayer, Minnesota, 55360.

4. Upon information and belief, Nathan Staples Estate is a living trust, sited in Minnesota and subject to Minnesota law.

5. Upon information and belief, Imperial Consulting ADM is a corporation registered with the State of Minnesota with the last known physical address of 101 Canary Avenue, Mayer, Minnesota 55360 and last known mailing address of P.O. Box 102, Mayer, Minnesota, 55360.

6. Imperial is the trustee for the Estate.

7. Staples is a signer for Imperial.

## JURISDICTION AND VENUE

8. This is an action for interpleader under Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1335 and 2361.

9. Jurisdiction is proper under 28 U.S.C. § 1346.

10. Venue is proper under 28 U.S.C. § 1402.

## FACTUAL BACKGROUND

11. On July 3, 2023, Mr. Staples established two new bank accounts at HomeTown Bank with two new entities. The first was a trust account, titled "Nathan Staples Estate" (the "Trust Account"). The trustee for the Trust, Imperial Consulting, established a separate account.

12. The Trust Account was funded with a $10,121,542.03 IRS refund check (the "Check").

13. On or about, July 25, 2023, the IRS served the Bank with three Notices of Levy requesting the Bank to turnover to the IRS property and rights to property (such as money, credits, and bank deposits) that the Bank has or is obligated to pay to the Estate, Staples, and Imperial (the "Levy").

14. The Bank identified and held funds from the Estate, Staples, and Imperial in the total amount of $9,127,913.17 (the "Funds").

15. The Bank provided notice to the Estate, Staples, and Imperial of the Levy as required by law.

16. On or about July 26, 2023, Staples filed a complaint with the FDIC stating that "the IRS has levied the account until we resolve the endorsement issue [on the Check]." Staples also requested the Bank to "assist in any communication or repair with the IRS if needed."

17. Based upon information and belief, the IRS, the Estate, Staples, and Imperial have made or could make a claim to the Funds.

18. The Bank has no authority under the Levy to determine who has a right to the Funds.

### COUNT I:  INTERPLEADER

15.  The Bank restates and alleges the foregoing paragraphs in this complaint.

16.  The Interpleader Defendants assert multiple and conflicting claims to the Funds.

17.  The Bank is without authority under the Levy and law to determine the validity and extent of these claims.

18.  The Bank asserts no interest in the Funds, except to the extent to recover the reasonable and necessary fees and costs (including attorneys' fees) incurred in association with commencing this interpleader action or responding thereto, as provided by the law.

19.  Once the Bank deposits the Funds into the registry of the Court, it has satisfied its obligations under the Levy and is entitled to a dismissal from this action with prejudice.

WHEREFORE, the Bank seeks judgment of this Court as follows:

A.      That the Interpleader Defendants be ordered to interplead and litigate their claims to the above-entitled funds and property;

B.      That the Interpleader Defendants be restrained and enjoined from instituting or further prosecuting any other proceeding against the Bank in any court affecting the rights and obligations between the parties to this action;

C. That upon determining that this is a proper suit for interpleader, and that any other interpleader defendants have had opportunity to join, the Court dismiss the Bank with prejudice;

D. That the Court permit the Bank to deposit the Funds into the Court under Rule 67 of the Federal Rules of Civil Procedure;

E. That the Bank, as a disinterested stakeholder, be awarded its costs and attorneys' fees for bringing the interpleader action, and that the Court permit the Bank to offset its fees from the Funds prior to depositing the remaining funds with the Court; and

F. That the Bank be granted such other and further relief as the Court deems just and reasonable.

Dated: August 16, 2023                    /s/ Jennifer G. Lurken
                                          Jennifer G. Lurken   #347516
                                          GISLASON & HUNTER LLP
                                          Attorneys for Plaintiff
                                          Eide Bailly Center, Suite 500
                                          111 South 2nd Street
                                          Mankato, MN  56001
                                          Phone:  507-387-1115
                                          Fax:  507-387-4413
                                          jlurken@gislason.com

4890-4311-0518.1